# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00693-CV

**Bruce Wayne Houser, Appellant**

**v.**

**Douglas Dretke, Director, Texas Department of Criminal Justice, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-05-004567, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Bruce Wayne Houser seeks to appeal from a district court order dismissing his lawsuit for want of prosecution. *See* Tex. R. Civ. P. 165a; Tex. R. Jud. Admin. 6. The order dismissing Houser's suit was signed and entered on August 28, 2008. The deadline for perfecting appeal was therefore September 27, 2008. *See* Tex. R. App. P. 26.1 (requiring notice of appeal to be filed with 30 days after judgment is signed). Houser filed his notice of appeal with this Court on November 12, 2008.[1] Because it was filed after September 27, 2008, Houser's notice of appeal is untimely. *See id.*

Notwithstanding this deadline, Houser contends that his notice of appeal is timely because he filed a motion for reinstatement as allowed under Tex. R. Civ. P. 165a, and his notice of

---

[1] Houser does not purport to file a restricted appeal, and his notice of appeal does not comport with Tex. R. Civ. P. 25.1(d)(7).

appeal was filed within 90 days after the order of dismissal was signed. *See* Tex. R. App. P. 26.1(a)(3) (extending deadline for filing notice of appeal to 90 days if any party timely files a motion for reinstatement under Tex. R. Civ. P. 165a). Rule 165a of the rules of civil procedure requires a party to file a motion for reinstatement within 30 days after the order of dismissal is signed. *See* Tex R. Civ. P. 165a. Rule 26.1 of the rules of appellate procedure does extend the deadline for filing a notice of appeal in cases where a party files a *timely* motion for reinstatement under Tex. R. Civ. P. 165. *See* Tex. R. App. P. 26.1(a)(3). As the order of dismissal was signed on August 28, 2008, Houser was required to file a motion for reinstatement on or before September 27, 2008. *See* Tex. R. Civ. P. 165a. Houser did not file his motion for reinstatement until October 10, 2008. Because Houser's motion for reinstatement was untimely, it did not serve to extend the deadline for perfecting an appeal under the rules of appellate procedure. *See* Tex. R. App. P. 26.1. We conclude that Houser's notice of appeal, filed on November 12, 2008, was untimely and did not properly invoke the jurisdiction of this Court. We therefore dismiss the appeal for want of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: March 4, 2009